### M'NAIR vs. RICHARDSON & AL.

APPEAL from the court of the first district.

A contractor employed to improve a lot of ground acquires a privilege for the value of the amelioration.

MATTHEWS, J. delivered the opinion of the court. This suit is brought on a specific contract made between Richardson, one of the defendants, by the agency of his attorney in fact, and the plaintiff, to fill up a lot on the batture in front of the suburb St. Mary. The heirs of Gravier are also made defendants as claiming a right to the same lot on which the plaintiff alleges that he has a lien or privilege to the amount of improvements thereon made by him. The court below gave judgment in his favor for the sum claimed, and decreed that Richardson's interest in the lot should

Eastern Dist.
May, 1828.

M'NAIR
vs.
RICHARD-
SON & AL.

alone be sold ; from which the plaintiff appealed.

The objection which the appellant makes to the correctness of the judgment of the district court, is, that it does not decree the interest of Gravier's heirs, who claim title to the property which was improved, to be sold, as well as that of the defendant Richardson, to satisfy his demand.

It is clear that these claimants are not personally liable to pay the price of the work and labour performed by the plaintiff under the contract with Richardson. But if the lot has been ameliorated at the expence of the contractor, to the amount by him claimed, he has acquired a lien and privilege on the property thus improved to that extent: in other words, the sum claimed is a real charge on the estate ; the work having been undertaken and done in compliance with certain police regulations and ordinances of the city-council, passed in relation to property on the batture.

With regard to legal principles, this case does not differ from that of *Parker* vs. *Walden*, lately decided. The positive law on the subject may be found in the *Lou. Code, art.* **3216**

But it is contended, on the part of the heirs of Gravier, that the price agreed on between Richardson and the plaintiff, for the work, is more than it is really worth; and that their interest in the property ought not to be subjected to the payment of a greater sum than such as is ordinarily paid for labour of this kind. To shew that the charge is extravagant, we are referred to the testimony of Pilie, the city surveyor, in which he gives the admeasurement of the lot, and testifies as to the customary price per cubic yard for filling up; from which it would seem to result that about $900 would be a fair compensation for the improvement made by the appellant. This testimony does not give the depth which was required to be filled up; consequently, no certain conclusion can be drawn from it. The weight of the evidence in the cause shews that the contract was made for about a just value of the work to be done.

It is therefore ordered, adjudged and decreed that the judgment of the district court be avoided, reversed and annulled. And it is further ordered, adjudged, and decreed, that the plaintiff, and appellant, do recover from the defen-

Eastern Dist. *May*, 1828.

M'NAIR
*vs.*
RICHARD-
SON & AL.

dant Richardson, personally, fifteen hundred dollars, with legal interest from the judicial demand; and that the lot which was filled up and improved by the plaintiff, be seized and sold to satisfy the judgment to the amount of fifteen hundred dollars, to the payment of which sum the interest of Gravier's heirs in said lot is hereby subjected; and that of Richardson to the payment of principal and interest; who is condemned to pay costs in both courts.

*Grymes* and *Canonge* for the plaintiff.—
*Smith* and *Maybin* for the defendants.